UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER GOMEZ GONZALEZ,<br><br>   Plaintiff,<br><br>   v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>   Defendant. | EDCV 16-2624-AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff filed this action on December 23, 2016. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the magistrate judge. (Dkt. Nos. 8, 10.) On August 23, 2017, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The court has taken the matter under submission without oral argument.

Having reviewed the entire file, the court affirms the decision of the Commissioner.

# I.

# PROCEDURAL BACKGROUND

On August 31, 2012, Gonzalez filed an application for supplemental security income and alleged an onset date of January 1, 2012. Administrative Record ("AR") 19. The application was denied initially and on reconsideration. AR 19, 52, 79. Gonzalez requested a hearing before an Administrative Law Judge ("ALJ"). On March 12, 2015, the ALJ conducted a hearing at which Gonzalez and a vocational expert testified. AR 34-51. On April 24, 2015, the ALJ issued a decision denying benefits. AR 13-29. On November 2, 2016, the Appeals Council denied the request for review. AR 1-5. This action followed.

# II.

# STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this court has authority to review the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995) (per curiam); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

# III.

# DISCUSSION

## A. Disability

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and quotation marks omitted).

## B. The ALJ's Findings

Following the five-step sequential analysis applicable to disability determinations, *Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006),[1] the ALJ found that Gonzalez had the severe impairments of diabetes mellitus, II, with neuropathy, hypertension, tendonitis of the shoulders and low back pain. AR 21. Gonzalez had the residual functional capacity ("RFC") to perform light work except that he was limited to frequent postural activities; was precluded from ladders, scaffolds or ropes; and should avoid concentrated exposure to extreme temperatures. AR 24. He was unable to perform past relevant work, but there were jobs that exist in significant numbers in the national economy that he could perform such as hand packager, packing machine operator and house cleaner. AR 27-28.

## C. Medical Evidence

Gonzalez argues that the ALJ failed to consider his headaches and fatigue. AR 320-21, 346-47. Contrary to Gonzalez's argument, the ALJ acknowledged Gonzalez's

---

[1] The five-step sequential analysis examines whether the claimant engaged in substantial gainful activity, whether the claimant's impairment is severe, whether the impairment meets or equals a listed impairment, whether the claimant is able to do his or her past relevant work, and whether the claimant is able to do any other work. *Lounsburry*, 468 F.3d at 1114.

symptoms of headache and fatigue, and considered his function reports and headache questionnaire as well as medical reports. AR 25-26. Gonzalez indicated on his headache questionnaire that his daily headaches began in 1991 after brain surgery. Triggers include drinking soda or eating fried foods. He is able to relieve his headaches without medication if he relaxes and drinks water. AR 199. Otherwise, he takes Advil, which relieves the headache "but then I can't function with the meds." His doctor did not give him any restrictions due to headache. AR 200.

Gonzalez cited an emergency room visit in July 2012. The ER records indicate he complained of high blood pressure and high sugar. AR 283, 287 (indicating blood pressure of 159/97). His symptoms included a headache at 7/10. AR 283. He denied dizziness or weakness. AR 285. Gonzalez was also diagnosed with dehydration. After treatment, including fluid, Gonzalez reported feeling better and had a blood pressure of 125/84. AR 288-89.

In August 2012, Dr. Franco, Gonzalez's primary physician, noted that Gonzalez reported feeling weak and tired a couple of weeks ago and had gone to urgent care. Gonzalez was found to have high glucose (550) and was prescribed medication. Now, Gonzalez reported being much improved but still a little weak after changing his eating habits and stopping his consumption of 6-10 beers per day. He reported being able to do his usual activities with good exercise tolerance. AR 351. He had occasional headaches. Dr. Franco prescribed medication and a low fat, low cholesterol diet. Dr. Franco emphasized the importance of taking his medication daily and being careful with his meals. AR 352.

In January and February 2013, Gonzalez complained of headache and requested x-rays. AR 338, 340. Gonzalez reported taking his diabetes medication only on a "prn" basis. Dr. Franco advised Gonzalez to take his medication as prescribed. AR 341. An x-ray of his skull showed evidence of a previous craniectomy in the right posterior

parietal region. There was no evidence of fracture, erosion or destructive bony lesion. AR 336. At the next visit, Gonzalez denied headache or fatigue. AR 333.

Dr. Franco's medical record dated July 2013 notes that Gonzalez complained of low back pain with diabetes neuropathy and fatigue. AR 320. Gonzalez had tenderness to palpation at the midline with bilateral paraspinal muscle spasms at L3-S1. His range of motion was limited secondary to pain, but his motor strength was 5/5 and his diabetic foot exam was normal. Gonzalez was diagnosed with diabetes, lumbar sprain and strain, and other conditions. He was referred to orthopedic surgery for his chronic low back pain. AR 320-21. An x-ray of the lumbar spine showed vertebral bodies normal in height. There was moderate disc space narrowing and narrowed, sclerotic apophyseal joints at L5-S1. AR 325. Subsequent medical records in December 2013 do not indicate complaints of headache. AR 371, 374, 377. In February 2015, Gonzalez reported that he had not been taking his medications for three to four weeks, had not taken his blood pressure medication for two weeks, and had not been on his diet plan. He complained of fatigue. AR 368. Dr. Franco prescribed medication and advised Gonzalez to take his medication daily. Dr. Franco also advised that the diet plan is needed and must be followed. AR 369-70.

Gonzalez has not shown error by the ALJ.

### D.  Credibility

"To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). At step one, "the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). The ALJ found that Gonzalez's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 25.

Second, when an ALJ concludes that a claimant is not malingering and has satisfied the first step, "the ALJ may 'reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (citation omitted); *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014). "A finding that a claimant's testimony is not credible 'must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain.'" *Brown-Hunter*, 806 F.3d at 493 (citation omitted). "'General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints.'" *Id.* (citation omitted).

The ALJ found that Gonzalez's statements were "not entirely credible." AR 25. The ALJ relied primarily on two reasons: (1) the objective medical evidence; and (2) conservative treatment.

The ALJ's analysis of the objective medical evidence is supported by substantial evidence, although the ALJ may not rely on this reason alone. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Gonzalez does not contend otherwise. The ALJ reviewed his medical records including x-ray reports and test results. AR 25-26.

The ALJ may rely on conservative treatment to discount a claimant's statements. *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007). Gonzalez admitted that he treats headache with either water or Advil. *Id.* (treatment with over-the-counter medication sufficient to discount claimant's allegations of severity). The medical records evidence that Gonzalez's condition was much improved on those occasions when he was compliant with his medications and diet.[2] AR 351 (noting Gonzalez generally able to do

---

[2] Gonzalez reported several times that he was not compliant with medications and/or diet. AR 287 (7/2012, reports taking meds from neighbor); AR 320 (7/2013); AR 341 (1/2013); AR 368 (2/2015); AR 374 (12/2013). However, this does not bolster his credibility or disability. *See Young v. Comm'r*, 594 Fed. Appx. 914, 917 (9th Cir. 2014);

usual activities and good exercise tolerance); see *Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (favorable response to conservative treatment properly used to discount subjective testimony about severity of disability).

## IV.
## ORDER

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: August 29, 2017

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

*Belton v. Berryhill*, 2017 U.S. Dist. LEXIS 127419, *27 (C.D. Cal. Aug. 10, 2017).

7